

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00146-CV

DANIEL SMITH                                                          APPELLANT

V.

DUSTIN SCHWARTZ, TIA                                                  APPELLEES
SCHWARTZ, AND SCHWARTZ
PROPERTIES, LLC

----------

### FROM THE 442ND DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 15-00981-431

----------

## MEMORANDUM OPINION[1]

----------

Appellant Daniel Smith attempts to appeal from the trial court's April 28, 2015 order expunging notices of lis pendens. On April 30, 2015, we notified Appellant of our concern that we may not have jurisdiction over this appeal because the trial court's "Order Granting Motion to Expunge Lis Pendens" does

---

[1]*See* Tex. R. App. P. 47.4.

not appear to be a final judgment or an appealable interlocutory order. We further informed Appellant that unless he or any party desiring to continue the appeal filed with this court on or before May 11, 2015, a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response.

Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if allowed by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). The trial court has not signed a final judgment in this case, and we find no statutory authority for an appeal of an interlocutory order expunging notices of lis pendens. *See Marks v. Starratt*, No. 14-09-00269-CV, 2009 WL 1312180, at *1 (Tex. App.—Houston [14th Dist.] May 7, 2009, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because no statute allows an appeal from an interlocutory order cancelling a lis pendens); *see also Casmir v. Frontera Energy, LLC*, No. 14-12-00023-CV, 2012 WL 8015783, at *1 (Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (mem. op.) (citing *Marks* and dismissing appeal from an order expunging lis pendens); *Nwangwu v. Dinkins*, No. 14-97-01100-CV, 1997 WL 688943, at *1 (Tex. App.—Houston [14th Dist.] Nov. 6, 1997, no pet.) (not designated for publication) (holding that appellate court had no jurisdiction in appeal from order cancelling lis pendens but noting it could be subject of mandamus proceeding).

Therefore, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App.

P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  June 11, 2015